IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Case Nos.   CV-08-62-S-BLW |
| | ) | CR-02-198-S-BLW |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| FRANCISCO VERA-GONZALEZ, | ) | **AND ORDER** |
| | ) | |
| Defendant-Movant. | ) | |
| | ) | |

Pending before the Court is Defendant's Motion for Time Reduction by an Inmate in Federal Custody Under 28 U.S.C. § 2255 (Docket No. 1). The Court did not direct the Government to file a response.

Having fully reviewed the record, the Court enters the following Order dismissing the Motion.

### REVIEW OF 28 U.S.C. § 2255 MOTION

**A.     Background and Summary of Claims**

Pursuant to a plea agreement, Defendant pled guilty to one count of conspiracy with intent to distribute methamphetamine in violation of 21 U.S.C. § 846 and was sentenced to a term of imprisonment of 120 months. Judgment was

**Memorandum Decision and Order - 1**

entered on April 14, 2003.  Docket No. 88 in CR-02-198-S-BLW.  Defendant did not appeal his conviction or sentence.  In the pending § 2255 Motion, he requests a sentence reduction alleging that his status as a deportable alien makes him ineligible for certain benefits or privileges offered by the Bureau of Prisons that are available to U. S. citizens.

**B.     Standard of Law**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."  A prisoner in custody must file a § 2255 motion within one year of several potential dates set forth in § 2255(1) through (4).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

**Memorandum Decision and Order - 2**

**C.     Discussion**

    **1.     Waiver**

A defendant may waive his statutory right to file a § 2255 motion challenging his sentence. *United States v.Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1992). However, a plea agreement must expressly state that the right to bring a § 2255 motion is waived in order for the waiver to be valid. *United States v. Pruitt*, 32 F.3d 431 (9th Cir. 1994). Nevertheless, even an express waiver may not bar an ineffective assistance of counsel claim challenging the knowing and voluntary nature of the plea agreement or the voluntariness of the waiver itself. *United States v. Jeronimo*, 398 F.3d 1149, 1156 n.4 (9th Cir. 2005).

    The Plea Agreement here provided in relevant part that:

> . . . the defendant knowingly and voluntarily gives up (waives) his right to contest his pleas, conviction, or sentence in any post-conviction proceeding, including any proceeding authorized by Title 28, United States Code, Section 2255, except as to an appeal claiming ineffective assistance of counsel based on facts discovered <u>after</u> the entry of defendant's guilty plea.

Plea Agreement (Docket No. 58 in CR-02-198-S-BLW), ¶ III, p. 9. This provision constitutes an express and unambiguous waiver of the right to bring a § 2255 motion. Furthermore, the record indicates that Defendant entered into the Plea Agreement knowingly and voluntarily. He does not allege otherwise. Nor does he

**Memorandum Decision and Order - 3**

allege ineffective assistance of counsel pertaining to the voluntariness of the plea agreement or the waiver itself.  Accordingly, Defendant's § 2255 Motion is subject to dismissal on the ground of waiver.

### 2. Statute of Limitations

As relevant here, Defendant was required to file his § 2255 Motion within one year from the date on which his judgment of conviction became final.  28 U.S.C. § 2255(1).  Because Defendant did not file a direct appeal, his judgment of conviction became final ten days after the Court entered judgment on April 14, 2003.  *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001).  Accordingly, the deadline for filing his § 2255 Motion was April 24, 2004.  Defendant, however, did not file his motion until February 5, 2008, almost four years after the deadline passed.  Accordingly, Defendant's § 2255 Motion is time-barred and subject to dismissal.

Because Defendant waived his right to challenge his conviction or sentence in a § 2255 proceeding, the § 2255 Motion would be subject to dismissal even if Defendant were able to demonstrate that extraordinary circumstances beyond his control had made it impossible for him to file on time.  *See United States v. Battles*, 362 F.3d 1195, 1196-97 (9th Cir. 2004) (applying equitable tolling to § 2255

**Memorandum Decision and Order - 4**

proceedings).[1]

## CONCLUSION

Defendant not only waived his right to challenge his conviction or sentence in a § 2255 proceeding, he also filed his § 2255 Motion more than one year after his conviction became final. Accordingly, it plainly appears from the face of the § 2255 Motion and the record of prior proceedings that he is not entitled to relief.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion for Time Reduction by an Inmate in Federal Custody Under 28 U.S.C. § 2255 (Docket No. 1) is DISMISSED.

---

[1] The Court also notes that due process and equal protection challenges to the Bureau of Prison's policies excluding deportable aliens from certain programs routinely fail. *See, e.g., McLean v. Crabtree*, 173 F.3d 1176 (9th Cir. 1999) (addressing exclusion of prisoners with detainers from sentence reduction eligibility following completion of residential drug treatment program).

**Memorandum Decision and Order - 5**

IT IS FURTHER HEREBY ORDERED that Case No. CV-08-62-S-BLW is DISMISSED with prejudice in its entirety.



DATED: **February 15, 2008**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 6**